UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

Nᵒˢ 17-CV-822 (JFB), 17-CV-829 (JFB),
17-CV-831 (JFB)
_____

SAMUEL OSUJI,

Appellant,

VERSUS

HSBC BANK, U.S.A., NATIONAL ASSOCIATION,

Appellee.

SAMUEL OSUJI,

Appellant,

VERSUS

NEW CENTURY MORTGAGE CORPORATION, ET AL.,

Appellees.

SAMUEL OSUJI,

Appellant,

VERSUS

INDYMAC BANK, F.S.B, ET AL.,

Appellees.
_____

**MEMORANDUM AND ORDER**
January 26, 2018
_____

JOSEPH F. BIANCO, District Judge:

Samuel Osuji ("appellant") appeals from an order entered by the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court" or the "court"). In an opinion dated February 2, 2017 ("Abstention Order"), the Honorable Alan S. Trust abstained from hearing three adversary proceedings (the "Adversary Proceedings") that appellant filed against various lenders. Appellant asserted in the Adversary Proceedings, commenced on January 29, 2016, March 30, 2016, and April 4, 2016, that he owned unencumbered title to three real properties (one in each adversary proceeding) that were the subject of state court proceedings before appellant obtained his interests in these properties.

Judge Trust is also presiding over appellant's chapter 7 bankruptcy action, *In re Osuji*, Bankr. E.D.N.Y., Case No. 15-75534-ast.[1] Appellant voluntarily filed the chapter 7 action on December 30, 2015. On January 13, 2016, appellant filed bankruptcy schedules in the chapter 7 action asserting ownership of various properties, including those at issue in the Adversary Proceedings that he subsequently filed (beginning on January 29, 2016). Judge Trust entered an order granting appellant his discharge in the chapter 7 action on May 2, 2016.[2] Judge Trust then held a hearing on July 19, 2016, at which he determined that there were substantial questions as to whether the court should abstain from the Adversary Proceedings. The court received and reviewed filings from the parties over the following months, and received an affirmation from appellant on January 2, 2017, indicating that state proceedings involving the properties at issue in the Adversary Proceedings had not been dismissed or closed.

Because this Court concludes that the Bankruptcy Court clearly did not abuse its discretion in permissively abstaining from the Adversary Proceedings, the ruling below is affirmed.[3]

I. BACKGROUND

The Court assumes the parties' familiarity with the full facts and procedural history of this action and summarizes the facts and history relevant to the instant appeal based on the records in the underlying Bankruptcy Court proceedings, as well as the three consolidated appeals.

A. The Underlying Chapter 7 Bankruptcy Action and Adversary Proceedings

The facts in this section are drawn primarily from the records in the chapter 7 bankruptcy action, the adversary proceeding against HSBC Bank, U.S.A., National Association ("HSBC"), as Trustee for Home Equity Loan Trust Series ACE 2005-HE5, Bankr. E.D.N.Y., Case No. 16-8048-ast (the

---

[1] References to the docket in the chapter 7 bankruptcy will be cited as "*In re Osuji*, Bkr. Dkt. [docket number]."

[2] The order discharging the debtor states that it "does not determine how much money, if any, the trustee will pay to creditors." The order also specifies that, despite the discharge, "a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case." (*In re Osuji*, Bkr. Dkt. No. 29 at 2.)

[3] The Court notes that, even under a *de novo* standard of review, the Court would reach the same conclusion for the reasons set forth by the Bankruptcy Court and herein.

"HSBC proceeding"),[4] and the instant consolidated appeal.[5]

Appellant filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on December 30, 2015. In the chapter 7 action, appellant filed bankruptcy schedules on January 13, 2016, listing five properties that he claimed to own, including properties located at 113 Lawrence Street, Uniondale, New York 11553 (the "Lawrence Street Property"); 126 William Street, Hempstead, New York 11550 (the "William Street Property"); and 36 John Street, Roosevelt, New York 11575 (the "John Street Property"). (*In re Osuji*, Bkr. Dkt. No. 9 at 2-4.) Appellees[6] had previously brought foreclosure actions against these properties in state court, but appellant claimed in his bankruptcy schedules that he owned the debt, and intended to retain the properties and avoid the liens. (*Id.* at 2-4, 13-14.) Appellant claimed an exemption of 100 percent of the fair market value of the properties. (*Id.* at 13-14.)

From January 29, 2016 through April 4, 2016, appellant filed a series of adversary proceedings seeking a determination that he alone holds an interest in these properties, including the three properties listed above that are relevant to this case. (*Id.*, Bkr. Dkt. Nos. 12, 18, 21, 24, 27.)

On January 29, 2016, appellant brought an adversary proceeding against New Century Mortgage Corporation ("New Century") and U.S. Bank National Association ("U.S. Bank," and collectively the "New Century appellees"), Bankr. E.D.N.Y., Case No. 16-8017-ast (the "New Century proceeding"), alleging that defendants were not, in fact, the holder of the note and mortgage encumbering the William Street Property. (New Century Bkr. Dkt. No. 1 at 3-4.) The New Century appellees have not answered or otherwise appeared in this adversary proceeding, but the Bankruptcy Court noted that it had not determined if service was properly effectuated. (New Century appeal, ECF No. 1 at 7.) Appellant alleged that U.S. Bank commenced a state foreclosure action against the William Street Property in July 2007 (New Century Bkr. Dkt. No. 1 at 6), and that he took ownership of the property on August 2, 2013 (*id* at 9).

On March 30, 2016, appellant brought an adversary proceeding against Indymac Bank, F.S.B. ("Indymac"), Bankr. E.D.N.Y., Case No. 16-8045-ast (the "Indymac proceeding"), alleging that defendants were not, in fact, the holder of the note and mortgage encumbering

---

[4] References to filings in the HSBC proceeding will be cited as "HSBC Bkr. Dkt. [docket number]." Many of the documents cited in this opinion were filed in each of the three Adversary Proceedings. Thus, where possible, references in this opinion will all be to the HSBC docket to avoid confusion. Where necessary, the court also cites to the dockets in the adversary proceedings against the New Century appellees, Bankr. E.D.N.Y., Case No. 16-8017-ast (the "New Century proceeding"), and Indymac Bank, F.S.B., Bankr. E.D.N.Y., Case No. 16-8045-ast (the "Indymac proceeding"), as "New Century Bkr. Dkt. [docket number]" and "Indymac Bkr. Dkt. [docket number]."

[5] The appeals of the three Adversary Proceedings were consolidated in the instant appeal. These appeals are: (1) *Osuji v. HSBC Bank, U.S.A., Nat'l Ass'n*, E.D.N.Y, Case No. 2:17-cv-00822-JFB (the "HSBC appeal") (cited as "HSBC appeal, ECF [number]"), (2) *Osuji v. New Century Mortg. Corp.*, E.D.N.Y, Case No. 2:17-cv-00829-JFB (the "New Century appeal") (cited as "New Century appeal, ECF [number]"), and (3) *Osuji v. Indymac Bank F.S.B.*, E.D.N.Y, Case No. 2:17-cv-00831-JFB (the "Indymac appeal") (cited as "Indymac appeal, ECF [number]"). The record is most developed in the Indymac appeal, as discussed *infra*, and, thus, most citations in this opinion are to the Indymac appeal.

[6] Appellees are identified in the next few paragraphs, which discuss the three proceedings below in which the Abstention Order that is the subject of this appeal was issued.

3

the Lawrence Street Property. (Indymac Bkr. Dkt. No. 1 at 1-2.) Deutsche Bank National Trust Company ("Deutsche Bank") responded in this appeal as trustee for Indymac.[7] (*Id.*, Bkr. Dkt. No. 5.) Appellant alleged that Indymac commenced a state foreclosure action against the Lawrence Street Property on August 17, 2009, and that he acquired an ownership interest in the property on March 7, 2014. (*Id.*, Bkr. Dkt. No. 1 at 4.)

On April 4, 2016, appellant commenced his adversary proceeding against HSBC, alleging that defendants were not, in fact, the holder of the note and mortgage encumbering the John Street Property. (HSBC Bkr. Dkt. No. 1 at 3-4.) Appellant alleges that HSBC commenced a state foreclosure action against the John Street Property in October 2008 (*id.* at 6), and that he acquired an ownership interest in the property on August 2, 2013 (*id.* at 7).

The Bankruptcy Court entered an order granting appellant discharge in the chapter 7 action on May 2, 2016.[8] (*In re Osuji*, Bkr. Dkt. No. 29.) Appellant moved for default judgment on March 17, 2016, May 2, 2016, and May 10, 2016, in the New Century, Indymac, and HSBC adversary proceedings, respectively. (New Century Bkr. Dkt. No. 4; Indymac Bkr. Dkt. No. 4; HSBC Bkr. Dkt. No. 5.) The court conducted a status conference in these proceedings on July 19, 2016. (New Century Bkr. Dkt.; Indymac Bkr. Dkt.; HSBC Bkr. Dkt.)[9] Following this conference, on July 26, 2016, the court issued an Order to Show Cause in each of the proceedings, explaining that:

> From the Court's review of the pleadings filed in this proceeding, and based on the [July 19, 2016] Conference, this Court has determined that substantial questions exist as to whether this Court should hear and determine this proceeding or whether it should abstain from doing so.

(HSBC Bkr. Dkt. No. 8 at 1.) The court, therefore, ordered appellant to "show cause [on August 15, 2016] why this Court should not mandatorily and/or permissively abstain from hearing this Adversary Proceeding." (*Id.* at 2 (citing 28 U.S.C. §§ 1334(c)).)

On August 8, 2016, Deutsche Bank, as trustee for Indymac, filed a response to the court's July 26, 2016 Order to Show Cause, claiming that the court should abstain from adjudicating the adversary proceeding because the claims in the complaint were all governed by state law. (Indymac Bkr. Dkt. No. 21 at 3.) No such responses were filed by trustees in the other adversary proceedings. (*See generally* New Century Bkr. Dkt.; HSBC Bkr. Dkt.) Appellant filed objections in each of the Adversary Proceedings. (New Century Bkr. Dkt. No. 11; Indymac Bkr. Dkt. No. 22; HSBC Bkr. Dkt. No. 11.)

On August 15, 2016, the court held the hearing at which plaintiff had been directed to show cause (HSBC Bkr. Dkt.), and entered an order scheduling another hearing for

---

[7] Deutsche Bank also responded in this appeal as trustee for appellee Ocwen Loan Servicing, LLC. Together, Indymac, Deutsche Bank, and Ocwen Loan Servicing, LLC, are collectively referred to as the "Indymac appellees."

[8] The chapter 7 trustee filed a report of no distribution (a "no asset" report) on March 14, 2016, stating that "there [was] no property available for distribution from the estate over and above that exempted by law," after which appellant filed the three Adversary Proceedings. (*In re Osuji*, Bkr. Dkt.)

[9] No docket number was assigned to entries noting that the court held status conferences or other hearings. Such entries can be located on the dockets by date.

4

September 13, 2016 regarding the adversary proceedings (*In re Osuji*, Bkr. Dkt. No. 34). By order that same day, the court explained that it was scheduling the next hearing "to discuss, as applicable, the administration of this case, the adversary proceedings, and any assets that may be available for distribution to general unsecured creditors in this case." (*Id.*, Bkr. Dkt. No. 34 at 1.) As background, the court noted that the chapter 7 bankruptcy was filed as a "no asset case." [10] (*Id.*) Further, even *after* appellant began filing adversary proceedings, the trustee in appellant's chapter 7 proceeding, Kenneth Kirchenbaum (the "trustee"), filed "no asset" reports. (*Id.*) Appellant continued filing adversary proceedings, but the trustee did not file additional reports or request that the court establish a deadline by which general proofs of claim and governmental proofs of claim had to be filed pursuant to Rule 3002(c)(5) of the Federal Rules of Bankruptcy Procedure. (*Id.*)

At the September 13, 2016 hearing, the court "directed the Trustee to file a status letter within thirty days advising the Court and creditors, *inter alia*, of the Trustee's intent to pursue any interest of the estate in the properties made the subject of the Adversar[y Proceedings] and whether any assets may be available for distribution to creditors." (*Id.*, Bkr. Dkt. No. 39 at 2.) On October 27, 2016, as directed, the trustee filed a status report to inform the court of his intention "to pursue or not pursue" any interest of the estate in the properties in the five adversary actions. (*Id.*, Bkr. Dkt. No. 40.) The trustee stated only his intention "to administer the Estate's interest in one of the subject properties." (*Id.* at 1.) The trustee named an action (16-8044) that was not among the Adversary Proceedings at issue in this consolidated appeal. (*Id.*)

On December 1, 2016, the court ordered appellant to file a state court docket report in each of the Adversary Proceedings. (HSBC Bkr. Dkt. No. 13.) In response to this order, on January 2, 2017, Oleg "Al" Vinnitsky, Esq., of the Berg Law Firm, LLC, filed an affirmation on behalf of appellant, attaching several of the documents the court had requested. (*Id.*, Bkr. Dkt. No. 14.) Among these documents were the Appearance Detail [11] in the 2009 case involving the William Street Property, the subject of the New Century proceeding (*id.*, Bkr. Dkt. No. 14-4 at 4), and the Appearance Detail in the 2009 case involving the Lawrence Street Property (the "2009 Mgbeahuru Case"), the subject of the Indymac proceeding (*id.*, Bkr. Dkt. No. 14-5 at 5). These Appearance Details showed that the state court cases had not, in fact, been dismissed or closed. Instead, both indicated that the state court cases were "On For" "Supreme Trial," and that the "Appearance Outcome" in the cases was "Inactive Pending Future Filing." Mr. Vinnitsky did not submit the main Appearance Detail page indicating the status of the state court case involving the John Street Property, at issue in the HSBC proceeding. Appellant admitted, however, in his HSBC complaint that the related state court proceeding was "still pending without a final order." (*Id.*, Bkr. Dkt. No. 1 at 6.)

B.  Bankruptcy Court's Abstention Order

The Bankruptcy Court issued its order abstaining from the three Adversary Proceedings on February 2, 2017. (*Id.*, Bkr. Dkt. No. 16.) In reaching its decision, the court considered twelve factors that

---

[10] The determination that the chapter 7 action was a "no asset case" was based on the trustee's "no asset" report. *See supra* note 5.

[11] The "Appearance Detail" shows the type and date of appearance (including motions, conferences, and trials) held in state court proceedings, along with the outcome of the appearance.

5

bankruptcy courts in this district weigh when deciding whether to exercise their discretion to abstain from hearing a proceeding under 28 U.S.C. § 1334(c). (*Id.* at 11.) The court found that seven of the twelve factors weighed in favor of abstention in the Indymac proceeding, and explained that abstention was warranted "[f]or much the same reasons" in the New Century proceeding, and suggested through its analysis that the same was true in the HSBC proceeding. (*Id.* at 12-15.) Specifically, the court explained that permissive abstention was warranted "based upon the presence of the following factors":

> (1) the efficient administration of the estate; (2) state law issues clearly predominate over bankruptcy issues; (4) there was, and currently is, a related state court foreclosure proceeding; (5) the lack of any jurisdictional basis other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (9) the burden on the court's docket; and (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties.

(*Id.* at 12.) The court concluded its order with the following "summary of abstention":

> Simply put, there is no reason why the Adversaries should be heard in bankruptcy court as opposed to state court. Debtor has not asserted that any of the creditors involved in any of these Adversaries have filed Proofs of Claim in his main bankruptcy case. There are no bankruptcy issues that this Court needs to determine, nor would adjudicating any of these disputes have any positive effect on the administration of this bankruptcy estate or distributions to creditors, but could delay administration of this estate.

(*Id.* at 15.)

C. Appeal

Appellant filed his notice of appeal of the February 2, 2017 Abstention Order on February 13, 2017. (Indymac appeal, ECF No. 1.) This Court received the Bankruptcy Record on March 30, 2017. (*Id.*, ECF No. 3.) Appellant submitted a letter requesting an extension of time to file his briefs in the appeals of the three Adversary Proceedings on April 25, 2017 (*id.*, ECF No. 9), but then filed a brief in support of his appeal in only the Indymac proceeding May 25, 2017 (*id.*, ECF No. 12). The Indymac and New Century appellees (collectively, "appellees," in the Discussion section of this opinion) filed opposition briefs in the Indymac and New Century appeals on July 17, 2017.[12] (*Id.*, ECF No. 15; New Century appeal, ECF No. 12.) Appellant has not filed a reply brief. The Court has fully considered the parties' submissions.

II. STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from bankruptcy courts under 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . [and] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a). Part VIII of the Federal Rules of Bankruptcy

---

[12] Deutsche Bank, as trustee for Indymac appellees as well as the New Century appellees, filed the same brief in both appeals.

6

Procedure outlines the procedure governing such appeals. Fed. R. Bankr. P. 8001.

District courts review a decision to permissibly abstain for an abuse of discretion. *Wallace v. Guretzky*, No. CV-09-0071(SJF), 2009 WL 3171767, at *2 (E.D.N.Y. Sept. 29, 2009); *see also In re Abir*, No. 09 CV 2871(SJF), 2010 WL 1169929, at *7-8 (E.D.N.Y. Mar. 22, 2010). A bankruptcy court has abused its discretion if it abstained "based on an 'erroneous view of the law' or 'clearly erroneous factual findings.'" *Wallace*, 2009 WL 3171767, at *2 (quoting *In re Bay Point Assocs.*, No. 07-CV-1492(JS), 2008 WL 822122, at *3 (E.D.N.Y. Mar. 19, 2008)).

## III. DISCUSSION

A. Failure to File Opening Briefs

As a preliminary matter, the Court notes that it need only address the merits of the Indymac appeal in light of appellant's failure to file opening briefs in the two other appeals. Appellant filed a letter in each of the appeals indicating that he "d[id] not intend to abandon any of the filed cases," and that he planned to "formulate individual responses to each." (Indymac appeal, ECF No. 9.) Upon appellant's request, the Court granted appellant an extension of time to file his opening briefs in each of his appeals, allowing appellant until May 19, 2017 to file. Still, appellant failed to file a brief in either the New Century or HSBC appeal, and addressed only his claim to the Lawrence Street Property in his Indymac appeal brief. *See* Fed. R. Bankr. P. 8018 ("If an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal—or the district court or BAP, after notice, may dismiss the appeal on its own motion."). In any event, the Court has addressed the merits of the three appeals and concludes that the Bankruptcy Court's February 2, 2017 order shall be affirmed.

B. Applicable Law

Under 28 U.S.C. § 1334(c)(1), a Bankruptcy Court may permissibly abstain from an adversary proceeding. *See* 28 U.S.C. § 1334(c)(1) ("[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 . . . ."). The Second Circuit has indicated that abstention "is within the sound discretion of the bankruptcy court." *In re Abir*, 2010 WL 1169929, at *7 (citing *In re Petrie Retail, Inc.*, 304 F.3d 223, 232 (2d Cir. 2002) ("Permissive abstention from core proceedings under 28 U.S.C. § 1334(c)(1) is left to the bankruptcy court's discretion.")). In deciding whether to permissibly abstain, the Bankruptcy Court may consider the following factors:

> (1) the effect or lack thereof on the efficient administration of the [bankruptcy] estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of

[sic] [the court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Id.* at *7 (quoting *In re Luis Elec. Contracting Corp.*, 165 B.R. 358, 368 (Bankr. E.D.N.Y. 1992)). The court is not required, however, to consider each of these factors, and may permissibly abstain where only some of them favor abstention. *Wallace*, 2009 WL 3171767, at *3 (affirming permissive abstention that was based on four of the twelve factors).

C. Application

Appellant argues in his Indymac appeal brief that the Bankruptcy Court abused its discretion in permissively abstaining from the proceeding.[13] As set forth below, this Court concludes that the Bankruptcy Court did not abuse its discretion in permissively abstaining from any of the three Adversary Proceedings and, therefore, affirms the ruling below.

1. Efficient Administration of the Estate

Courts in this circuit frequently cite the first factor—the effect that abstention would have on the efficient administration of the estate—as a reason for permissively abstaining. *See, e.g.*, *Sealink Funding Ltd. v. Bear Stearns & Co.*, No. 12 Civ. 1397(LTS)(HBP), 2012 WL 4794450, at *4 (S.D.N.Y. Oct. 9, 2012); *Allstate Ins. Co. v. CitiMortgage, Inc.*, No. 11 Civ. 1927(RJS), 2012 WL 967582, at *6 (S.D.N.Y. Mar. 13, 2012) (describing this factor as "one of the more important factors to consider"). In the instant case, the Bankruptcy Court found that permissive abstention from the Indymac proceeding (and, likewise, the New Century and HSBC proceedings) would benefit the efficient administration of the estate "as the filing of the Trustee's final report and making distributions to creditors w[ould] not have to await resolution of this adversary." (HSBC Bkr. Dkt. No. 16 at 13.) The court also explained that appellant had already received his chapter 7 discharge, and the trustee had not chosen to administer the properties at issue in the Adversary Proceedings. (*Id.* at 13-14.)

Pointing to the trustee's October 27, 2016 status report, appellant argues in his brief filed in the Indymac appeal that the "effect . . . on the efficient administration of the estate" weighs in his favor, as the adversary proceeding "could potentially provide an influx of assets to the bankruptcy estate to pay creditor claims." (Indymac appeal, ECF No. 12 at 16 (citing *In re Osuji*, Bkr. Dkt. No. 40).) Although appellant argues that the

---

[13] Appellant included five "Issues Presented" in his brief (Indymac appeal, ECF No. 12 at 7-8), but, as this Court's determination is that the Bankruptcy Court did not abuse its discretion in deciding to abstain from the state court proceedings and that Deutsche Bank is a "party in interest," the Court need not address appellant's other grounds for appeal.

In brief, the Court directly responds to appellant's "Issue One," which asks "[w]hether the Bankruptcy Court committed an error of law, or an abuse of discretion, in electing to abstain discretionarily, pursuant to 28 U.S.C. § 1334(c)(1), from hearing the adversary proceeding[s]." (*Id.* at 7.) The Court's decision regarding abstention also addresses appellant's issues two through four. Issue five asks whether the Bankruptcy Court erred in permitting Deutsche Bank to file opposition papers "without establishing that it is a 'party in interest', with standing to intervene in the adversary proceeding." (*Id.* at 8.) That argument clearly has no merit because Deutsche Bank responded as a trustee for Indymac and New Century appellees, and, as such, clearly had standing to intervene. As a trustee, Deutsche Bank had the "interest relating to the property . . . that is the subject of the action" that provides a party with the unconditional right to intervene. Fed. R. Civ. P. 24(a).

trustee, in this status report, identified property of the estate, appellant fails to recognize that the trustee decided to administer only one piece of property, and that it was not one of the three at issue in this consolidated appeal. (*In re Osuji*, Bkr. Dkt. No. 40 at 1.) For this reason, the Bankruptcy Court correctly concluded "nor would adjudicating any of these disputes have any positive effect on the administration of this bankruptcy estate or distributions to creditors, but could delay administration of this estate." (HSBC Bkr. Dkt. No. 16 at 15.) Under these circumstances, the Bankruptcy Court correctly found that this factor favored abstention.

2. Predominance of State Law Issues

The second factor—the extent to which state law issues predominate over bankruptcy issues—is also often discussed as a reason for permissively abstaining. *See, e.g.*, *In re Abir*, 2010 WL 1169929, at *8; *Wallace*, 2009 WL 3171767, at *3; *In re Exeter Holding, Ltd.*, No. 11-77954-ast, 2013 WL 1084548, at *5 (Bankr. E.D.N.Y. Mar. 14, 2013); *In re Taub*, 417 B.R. 186, 194 (Bankr. E.D.N.Y. 2009). Like the efficient administration of the estate, the predominance of state law issues has been described as one of the more compelling reasons for abstaining. *In re Bay Point Assocs.*, 2008 WL 822122, at *3 ("While no factor is determinative, 'abstention is particularly compelling' where the proceeding 'sounds in state law and bears a limited connection to debtor's bankruptcy case.'" (citation omitted)). Here, the Bankruptcy Court found that:

> The Indymac Complaint predominantly asserts causes of action under New York state law related to Indymac's claimed lien against the Lawrence Street Property. The state court is better equipped for adjudicating the state law foreclosure issues related to the Lawrence Street Property and how the [state court cases] may affect the outcome of Debtor's claims.

(HSBC Bkr. Dkt. No. 16 at 13.) The court also found that the New Century complaint "alleges only state law causes of action," and that the HSBC complaint "alleges similar state law causes of action as the Indymac and New Century Complaints." (*Id.* at 14.) Further, the court highlighted that appellant admitted in the HSBC complaint that the related state court case was still pending. (*Id.* at 14-15.) In conclusion, the Bankruptcy Court emphasized that there "[we]re no bankruptcy issues that this Court need[ed] to determine." (*Id.* at 15.)

This Court agrees with the Bankruptcy Court's conclusion that state law issues predominate. Appellant claimed an interest in the properties at issue in the Adversary Proceedings based on principles of New York state property law. (*See* Indymac Bkr. Dkt. No. 1 at 11-21; New Century Bkr. Dkt. No. 1 at 14-23; HSBC Bkr. Dkt. No. 1 at 12-24 (all relying on New York state law to support appellant's claim that defendant was not the "holder in due course" of the underlying note).) Apart from the jurisdictional allegations and assertions that appellees qualified as "part[ies] in interest," the complaints filed in the Adversary Proceedings are devoid of allegations based on federal law. (*See generally* Indymac Bkr. Dkt. No. 1 at 6-22; New Century Bkr. Dkt. No. 1 at 9-24; HSBC Bkr. Dkt. No. 1 at 7-25.) This Court, therefore, concludes that the Bankruptcy Court correctly found that this factor favored abstention. *See Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 60 (S.D.N.Y. 2011) (upholding abstention where, *inter alia*, "the cases contain[ed] exclusively state claims with little, if any, relevance to federal law").

9

3. Relatedness of State Proceedings

The fourth and sixth factors favor abstention where there is "a related proceeding commenced in state court" and that proceeding is closely related to the main bankruptcy proceeding. *In re Abir*, 2010 WL 1169929, at *7. In *In re Fierro*, for example, the court permissively abstained where "[a] related proceeding [was] already commenced and ongoing in the State Court" and had been "for over twelve years." No. 1-14-41439-NHL, 2015 WL 3465753, at *3 (Bankr. E.D.N.Y. May 29, 2015); *see also In re Int'l Tobacco Partners, Ltd.*, 462 B.R. 378, 393 (Bankr. E.D.N.Y. 2011). In other circuits, district courts have considered similar factors and found abstention appropriate "where the record reflects a substantial investment of effort in the state proceeding." *In re Bay Vista of Va., Inc.*, 394 B.R. 820, 844 (Bankr. E.D. Va. 2008) (collecting cases).

In this case, it is beyond dispute that closely related proceedings have been commenced in state court. Although appellant argues in his Indymac appeal brief that the state court foreclosure action was dismissed and that "[t]here are no active state or non-bankruptcy proceedings that can be brought to this Court's attention in which Appellant and Respondent are engaged in a dispute over the Subject Property" (Indymac appeal, ECF No. 12 at 9, 15, 19), appellant presented evidence in each of the three Adversary Proceedings that state court proceedings involving the same properties were still pending. As discussed *supra*, appellant (1) submitted Appearance Details demonstrating that the state court cases involving the William Street Property and the Lawrence Street Property—at issue in the New Century and Indymac proceedings, respectively—were inactive pending future filings (HSBC Bkr. Dkt. Nos. 14-4 at 4, 14-5 at 5), and (2) asserted in the HSBC complaint that the related state court case, involving the John Street Property, was "still pending without a final order" (*Id.*, Bkr. Dkt. No. 1 at 6). Not only does the record show these related state proceedings are pending, but it also reveals a "substantial investment of effort in the state proceeding[s]." Appellant's filings revealed, for instance, that the courts in these state proceedings decided multiple motions. (*Id.*, Bkr. Dkt. No. 14.)

Appellant also argues that this factor weighs in his favor in the Indymac proceeding because he was not a party to the 2009 Mgbeahuru Case (the state court foreclosure action related to the Lawrence Street Property and Indymac proceeding). (Indymac appeal, ECF No. 12 at 21.) As the Bankruptcy Court noted in its Abstention Order, however, appellant still has the opportunity to request to be allowed to intervene in the 2009 Mgbeahuru Case and seek relief from the state court. (HSBC Bkr. Dkt. No. 16 at 13.) The court noted the risk that the state and federal courts could reach differing conclusions as to Indymac's or Deutsche Bank's right to foreclose on the Lawrence Street Property, and concluded that it would not, therefore, "interfere with the state court's ability to make a determination on the merits of the litigation." (*Id.*)

In light of this evidence of the pending closely related state court proceedings, the Bankruptcy Court correctly concluded that the fourth and sixth factors favored abstention.

4. Jurisdictional Basis for Action

The fifth factor, the basis for the Bankruptcy Court's jurisdiction, also plainly supports the decision below, as the only basis for jurisdiction identified in the complaint is 28 U.S.C. § 1334(b). (*See* Indymac Bkr. Dkt. No. 1 at 2-3; New Century Bkr. Dkt. No. 1 at 4-5; HSBC Bkr. Dkt. No. 1 at 4-5.) *See, e.g.*, *Wallace*, 2009 WL 3171767, at *3; *In re*

*Taub*, 417 B.R. at 194.

5. Burden on the Court's Docket

The Bankruptcy Court also cited the burden on its docket—the ninth factor—as a reason for abstaining, and appellant has presented no reason to doubt this factor. Appellant argues in his brief on appeal that there was no evidence in the record indicating that the court's docket was overly burdened. (Indymac appeal, ECF No. 12 at 17.) Appellant also reiterates his argument that there are no related ongoing, pending, or active state court actions, and concludes that the federal courts are the appropriate forum because the property at issue was "listed by the trustee as necessary for the administration of [his] estate." (Indymac appeal, ECF No. 12 at 23.) As discussed *supra*, evidence in the record contradicts appellant's arguments. For instance, the trustee *did not* indicate that he would administer the properties at issue in the Adversary Proceedings. Further, the state law issues present in these cases make state court an appropriate forum, and make the cases an unnecessary addition to the federal court's docket where state courts are equipped and ready to hear them. As such, appellant's forum-based argument fails to justify the additional burden on the Bankruptcy Court's docket, and the Bankruptcy Court was correct in citing it in favor of abstention.

6. Forum Shopping

The tenth factor favors abstention where a party appears to have commenced a bankruptcy action in attempt to forum shop. *See Visan*, 458 B.R. at 60 (finding permissive abstention was appropriate where the party's actions "produce[d] an unmistakable impression of forum shopping"). In *Visan*, the court found that defendants had engaged in forum shopping where defendants removed a state court action to the Bankruptcy Court "to avoid the state court forum . . . shortly before the state court judge was about to issue a decision." *Id.* Similarly, in *In re Taub*, the court found that this factor favored abstention because the debtor had "previously commenced actions in [state court]" and "acknowledged that these actions were withdrawn in favor of bringing them" in the bankruptcy court. 417 B.R. at 197.

Based on an independent review of the record, the Court concludes that the Bankruptcy Court correctly relied upon this factor in deciding to abstain. As appellees argue, "[t]he facts show that the Debtor has a long history of attempting to obtain improper legal rulings and forum shopping, by obtaining state court judgments on claims discharged by the Bankruptcy Court, and by failing to provide notice of its claims against the borrowers to the first priority lien holders." (Indymac appeal, ECF No. 12 at 28-29 (citations to the record omitted).) Further, appellees argue that appellant was aware of the pending state court foreclosure actions, but still chose to file claims in federal bankruptcy court in order to preclude appellees from obtaining these foreclosures. (*Id.* at 29.) The evidence that appellant himself presented—revealing through filings and his own writing that state proceedings involving these properties were pending—supports appellees' arguments. Appellant's commencement of the Adversary Proceedings at this stage leaves this Court with "an unmistakable impression of forum-shopping." Accordingly, the Court concludes that the Bankruptcy Court correctly found that this factor favored abstention.

7. Factors Not Cited By Bankruptcy Court

Both appellees and appellant discuss factors beyond those the Bankruptcy Court relied upon in making its decision. Appellees argue that ten factors, rather than the seven

11

the court relied on, weigh in favor of abstention, and that the remaining two factors are either neutral or weigh in favor of abstention.[14] (Indymac appeal, ECF No. 15 at 1, 12-13.) This Court has examined the other factors and none of them, individually or cumulatively, affects the Bankruptcy Court's determination. In fact, some of the other factors provide additional support for the Bankruptcy Court's decision. For example, factor seven—"the substance rather than form of an asserted 'core' proceeding"—weighs in favor of abstention because there are no claims within the Bankruptcy Court's core jurisdiction in this proceeding. Similarly, factor eight—"the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court"—also favors abstention because there are no core claims for the Bankruptcy Court to consider. The other remaining factors are either neutral or do not outweigh the factors that overwhelmingly favor abstention. In sum, after considering all of the factors, the Court concludes that the Bankruptcy Court did not abuse its discretion in permissively abstaining under the circumstances present here.[15] *See Wallace*, 2009 WL 3171767, at *2 (abuse of discretion exists where decision was "based on an 'erroneous view of the law' or 'clearly erroneous factual findings'") (quoting *In re Bay Point Assocs.*, 2008 WL 822122, at *3).

## IV. CONCLUSION

The Court concludes that the Bankruptcy Court did not abuse its discretion in permissively abstaining from the Adversary Proceedings, and therefore affirms the Bankruptcy Court's February 2, 2017 Order in its entirety. The Clerk of the Court shall close these three consolidated appeals.

SO ORDERED.



JOSEPH F. BIANCO
United States District Judge

Dated: January 26, 2018
Central Islip, New York

\*\*\*

Appellant is proceeding *pro se*. Appellee trustee in the HSBC appeal is HSBC Bank, U.S.A., National Association, 1800 Tysons Boulevard, Suite 50, McLean, VA 22101. Appellees in the New Century appeal, New Century Mortgage Corporation and U.S. Bank National Association, are represented by Brett Lawrence Messinger of Duane Morris LLP, 30 South 17th Street, Philadelphia, PA 19103. Appellees in the Indymac appeal, Indymac Bank, F.S.B., Deutsche Bank National Trust Company, and Ocwen Loan Servicing, LLC, are also represented by Brett Lawrence Messinger of Duane Morris LLP.

---

[14] One of the factors that appellees argue is neutral or weighs in favor abstention is factor five (Indymac appeal, ECF No. 1 at 22), which the Bankruptcy Court found weighed in favor abstention.

[15] In fact, as noted *supra* note 3, this Court would reach the same conclusion even under a *de novo* standard of review.